[Docket No. 8]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

LAWRENCE SIMMONS,

        Plaintiff,

    v.

UHAUL LEGAL DEPT. *a/k/a*
UHAUL INTERNATIONAL., *a/k/a*
AMERICO,

        Defendant.

Civ. No. 23-20517 (RMB-EAP)

**OPINION**

**APPEARANCES**

Lawrence Simmons
1203 Larchmont Place
Mount Laurel, NJ 08054

    *Pro se Plaintiff*

NICOLETTI SPINNER RYAN GULINO PINTER LLP
Melanie Marie Dwyer
One University Plaza, Suite 412
Hackensack, NJ 07601

    *Attorney for Defendant UHaul Legal Department, a/k/a UHaul International, Inc., a/k/a Americo*

**RENÉE MARIE BUMB, Chief United States District Judge**

    **THIS MATTER** comes before the Court on a Motion to Dismiss ("**Motion**")

filed by Defendant UHaul Legal Department, *a/k/a* UHaul International, *a/k/a*

Americo ("**Defendant**" or "**UHaul**") pursuant to Federal Rule of Civil Procedure

12(b)(6). [Docket No. 8; Docket No. 8-2 ("Def.'s Br.").] *Pro se* Plaintiff Lawrence Simmons ("**Plaintiff**" or "**Simmons**") has opposed. [Docket No. 10 ("**Pl.'s Br.**").] Defendant filed a reply brief in further support of its Motion to Dismiss on November 13, 2023. [Docket No. 11 ("**Def.'s Reply**").] Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court did not hear oral argument. For the reasons set forth below, the Motion is **GRANTED and the Complaint DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED LEAVE TO AMEND**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Mr. Simmons brings this action against UHaul for discrimination, retaliation, and a hostile work environment that allegedly took place during his tenure as the owner and operator of a UHaul dealership in Lindenwold, New Jersey. [*See* Docket No. 1, Ex. A ¶¶ 1–2, 5–9, 14, 18 ("**Compl.**").] He highlights certain events giving rise to his claims as alleged and summarized below.

i.   A UHaul marketing representative, Codey Southerland and Mr. Southerland's boss, Dominic Catalano, brought a UHaul Pennsylvania-Area Field Manager to a meeting at Plaintiff's UHaul dealership to "show [Plaintiff] that [the Pennsylvania-Area Field Manager] was Black." [*Id.* ¶ 2.]

ii.   Mr. Southerland banned Plaintiff from the dealership property after Plaintiff contacted police to investigate a break-in and theft of storage units at the dealership. [*Id.* ¶ 3.] Plaintiff alleges that the break-in and theft resulted in the loss of his personal property valued at over $400,000. [*Id.* ¶ 4.]

iii.   UHaul failed to notify Plaintiff of certain "business and legal issues," including that UHaul failed to properly identify Plaintiff

as the owner and operator of the dealership. [*Id.* ¶ 5.] At the same time, however, Plaintiff, who alleges that he has not been the owner/operator of the dealership since February 2023, alleges that he still receives calls on his cell phone from UHaul customers who wish to rent a vehicle because UHaul has "refused to remove [Plaintiff] as a dealer from their system." [*Id.* ¶ 5.]

iv.    Mr. Southerland harassed, threatened and intimidated Plaintiff, including by: threatening to take money Plaintiff earned from the dealership; ordering that certain discounts Plaintiff was entitled to on storage units be terminated; falsely causing the placement of a $1,000 debt against Plaintiff "in the UHaul system" so that Plaintiff would "be unable to rent anything from UHaul"; wrongfully taking money earned by Plaintiff through a UHaul incentive program; and directing Plaintiff's Area Field Manager to remove Plaintiff's UHaul key boxes. [*Id.* ¶¶ 7–12.]

v.    Mr. Southerland told Plaintiff that he was ending Plaintiff's contract as a UHaul dealer. [*Id.* ¶ 12.] When Plaintiff complained to Mr. Catalano regarding Mr. Southerland's conduct, Plaintiff alleges that Mr. Southerland retaliated against him by falsely representing to Mr. Catalano that dealership employees had "complaints" regarding Plaintiff. [*Id.* ¶¶ 12–15.]

On September 20, 2023, Defendant filed a Notice of Removal from the Superior Court of the State of New Jersey, Camden County, removing this case based on diversity jurisdiction. [Docket No. 1 ¶¶ 6–11 ("**Notice of Removal**").][1] Plaintiff initially filed his state court complaint on March 13, 2023 and filed a first amended complaint on May 3, 2023. [*Id.* ¶ 2; *Simmons v. UHaul Legal Dep't*, Case No. CAM-L-000805-23 (filed May 3, 2023) ("**State Court Docket**").] Defendant states that it was never served with process of the original or first amended complaint and thus, never

_____

[1] Plaintiff is alleged to be a citizen of New Jersey and Defendant is alleged to be a citizen of Arizona. [*See* Notice of Removal ¶¶ 8–11.] Plaintiff requests compensatory and punitive damages in the amount of $1,000,000. [*See* Compl. at 3.]

appeared to answer in state court. [Notice of Removal ¶ 5.] Plaintiff, apparently believing that he properly served UHaul, requested an entry of default against UHaul on June 30, 2023 which the state court granted the same day. [*See* State Court Docket at Trans. IDs LCV20231985957, LCV20231987192.] Plaintiff requested a proof hearing for the entry of default against UHaul which the state court scheduled for August 14, 2023. [*Id.* at Trans. IDs LCV20232081344, LCV20232106539, LCV20232114178.] The court conferenced and adjourned the proof hearing on August 14 so that, according to Plaintiff, the Camden County Sherriff's Office could first attempt service on UHaul. [*Id.* at Trans. ID LCV20232335692; Pl.'s Br. at 1.] For some reason, however, Plaintiff filed a second amended complaint which re-started the clock for UHaul to appear. [*Id.* at Trans. ID LCV20232341742.]² Plaintiff filed an affidavit of service indicating that the Camden County Sherriff's Office served the second amended complaint on UHaul. [*Id.* at Trans. ID LCV2023252679.] UHaul then timely

---

² Plaintiff claims that he filed his second amended complaint by mistake and that Defendant unfairly took advantage of that mistake to appear in state court and remove to this Court after the state court entered a default against Defendant. [Pl.'s Br. at 1.] It seems implausible that the filing of the second amended complaint and its later service on UHaul by the Camden County Sherriff's Office was a mistake. The second amended complaint contains material edits that could not be the byproduct of a simple filing mistake. [*Compare* State Court Docket Trans. ID LCV20231452366, *with* State Court Docket Trans. ID LCV20232341742.] For example, Plaintiff changed the defendant in the caption from "UHaul" to "UHaul Legal Dep't, *a/k/a* UHaul International *a/k/a* Americo"; added, edited, and/or removed certain allegations; and changed the date on the complaint from May 3, 2023 to August 14, 2023. [*Id.*] In any case, whether filing the second amended complaint was a mistake is irrelevant—it seems clear that the state court judge was not satisfied with Plaintiff's service of the original or first amended complaint on UHaul and ordered the sheriff to attempt service on UHaul so that UHaul had notice of the lawsuit and could appear in court.

appeared in state court to apprise the state court of the action's removal to this Court. [*Id.* at Trans. ID LCV20232894860.]

Defendant moved to dismiss in this Court on October 26, 2023 advancing three arguments. First, Defendant argues that Mr. Simmons failed to sue the proper party. Specifically, UHaul argues that there is no legal entity named "UHaul Legal Dep't, *a/k/a* UHaul International, *a/k/a* Americo" and that to the extent that Mr. Simmons is trying to sue UHaul International, Inc. ("**UHI**"), UHI has no connection to the day-to-day operations of authorized UHaul dealerships such that it could be liable for the conduct alleged. [Def.'s Br. at 6; Def.'s Reply at 2.] Instead, the party Plaintiff should have sued, UHaul argues, is UHaul Co. of New Jersey, Inc. ("**UHNJ**") which operates the Lindenwold, New Jersey UHaul dealership at issue here. [*Id.*] Second, Defendant argues that Plaintiff was never an authorized dealer or an employee at any UHaul entity anywhere.[3] [Def.'s Br. at 7.] Defendant attaches an authorized dealer contract for the Lindenwold, New Jersey dealership dated May 30, 2020, which shows that somebody named Kyshaun Hayes—not Plaintiff—was the principal owner of the Lindenwold dealership. [*See* Def.'s Br. at 7 (citing Def.'s Br., Ex. C at 9); *see also* Def.'s Br., Ex. D (affidavit of Mr. Southerland stating that Mr. Hayes, not Plaintiff, was the principal owner of the Lindenwold dealership); Def.'s Br., Ex. B ¶ 16 (affidavit of UHI assistant secretary averring that Plaintiff was never an employee of UHI).] Finally,

---

[3] Defendant's affidavits, however, do not exactly aver the same. While the affidavits represent that Plaintiff was never an employee of UHI and that he was never an authorized UHaul dealer, they do not aver that Plaintiff was never an employee of UHNJ.

Defendant argues that, with respect to any breach of contract or negligence claims brought by Plaintiff related to the thefts of his personal property, Plaintiff fails to allege the existence of any rental contract for UHaul storage units. [Def.'s Br. at 8.] Although Plaintiff's theory of injury seems to be for civil rights discrimination, UHaul does not address any such claims.

Plaintiff filed an opposition brief maintaining that he was an official UHaul dealer from December 2020 until February 2023 and that he took all required dealer courses, opened a bank account on behalf of the dealership, and was responsible for dispatching hundreds of trucks and equipment for the dealership. [Pl.'s Br. at 1–2.] He maintains that Mr. Hayes was not the principal owner of the Lindenwold dealership after December 2020. [*Id.* at 2.]

A few days after Defendant filed its reply brief in further support of its Motion, Plaintiff filed a "request for adjournment" to amend his complaint and retain counsel. [Docket No. 12.] Magistrate Judge Pascal held a status hearing on Plaintiff's request on December 6, 2023 and ordered that, within ninety days, Plaintiff's counsel shall enter an appearance. [Docket Nos. 15, 17.] The ninety-day period concluded on March 6, 2024. No appearance on behalf of Plaintiff was entered and Plaintiff did not otherwise amend his complaint.

## II.    LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must "accept as true all allegations in the complaint and all reasonable inferences

that can be drawn therefrom and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*first citing Conley v. Gibson*, 355 U.S. 41, 47 (1957); *then citing Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); *and then citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original). Further, "to determine the sufficiency of a complaint," the Court must follow a three-step process:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009) (alterations in original)). A district court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir.

2014) (*citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). Thus, "[a] motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (*quoting Twombly*, 550 U.S. at 570).

*Pro se* complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F.Supp.3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Thus, *pro se* litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F.App'x 325, 328 (3d Cir. 2010).

## III.   ANALYSIS

Defendant may be correct that, as a factual matter, Mr. Simmons should have sued UHNJ, and that Mr. Simmons was not an authorized dealer or an employee of the Lindenwold UHaul dealership. But the Court cannot resolve those factual issues at the pleading stage by crediting Defendant's self-serving affidavits. *Schmidt v. Skolas*, 770 F.3d 241, 250 (3d Cir. 2014) (courts cannot consider affidavits from a defendant in deciding a motion to dismiss for failure to state a claim upon which relief can be granted). Moreover, this action, at its core, seems to be for alleged violations of Plaintiff's civil rights, not for a breach of contract or negligence (although Plaintiff may additionally be bringing such claims). [*See* Compl. ¶¶ 1, 9, 13, 18.][4]

Part of the problem is that even with the Court construing the Complaint as asserting federal or state civil rights claims, the allegations are vague, conclusory, and not alleged with a sufficient level of detail. For any discrimination claim, it is unclear whether Plaintiff is a member of a protected class[5] or how any adverse employment actions give rise to an inference of unlawful discrimination, *Castleberry v. STI Grp.*, 863

---

[4] Defendant argues that Plaintiff has failed to state claims of negligence and breach of contract, but it is not clear to the Court that Plaintiff has in fact brought such claims. [Def.'s Br. at 8; Def.'s Reply at 5.] The very first paragraph of the Complaint reads "UHaul … discriminated against me," with the remainder of the allegations appearing to provide examples of discriminatory conduct. To the extent that Plaintiff brings claims other than for violations of civil rights, the Court dismisses them without prejudice and Plaintiff is granted leave to amend.

[5] It appears that Plaintiff may be alleging that he suffered discrimination because of his race based on his allegation that Mr. Southerland and Mr. Catalano brought a UHaul Pennsylvania-area field manager to the Lindenwold dealership to "show [Plaintiff] that the [area field manager] was Black." [Compl. ¶ 2.]

F.3d 259, 263 (3d Cir. 2017); for any retaliation claim, it is not clear how any adverse employment actions were connected to a protected activity, *Moore v. City of Philadelphia*, 461 F.3d 331, 339 (3d Cir. 2006), *as amended* (Sept. 13, 2006); and for any hostile work environment claim, it is unclear whether Plaintiff is a member of a protected class and how he suffered any "pervasive or severe" discrimination, *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).[6] Additionally, if Plaintiff meant to bring federal civil rights claims for employment discrimination, he was required to first exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("**EEOC**") within 180 days of the last discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Powell v. Verizon New Jersey, Inc.*, 2022 WL 2187997, at *3 (D.N.J. June 17, 2022). If the EEOC decides not to pursue a charge of discrimination, it notifies the complainant, typically by means of a right-to-sue letter which "indicates that a complainant has exhausted [his] administrative remedies." *Id.* at *2. The right-to-sue letter is a "mandatory prerequisite to filing a Title VII suit in federal court." *Id.* at *3 (citing *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019)). Plaintiff has not provided evidence of any right-to-sue letter issued by the EEOC sufficient to bring federal civil rights claims.

---

[6] The only allegation that seems to have anything to do with race relates to Mr. Southerland and Mr. Catalano "show[ing] [Plaintiff] that the [area field manager] was Black." [Compl. ¶ 2.] That incident as alleged, while bizarre, and perhaps insensitive, does not appear to support any Title VII claims sufficient to survive a motion to dismiss. *Jean-Pierre v. Schwers*, 682 F. App'x 145 (3d Cir. 2017) (affirming dismissal of *pro se* plaintiff's complaint for failure to plead facts that would plausibly support inference of racial discrimination).

*     *     *

The Court will accordingly dismiss the Complaint without prejudice and permit Plaintiff leave to amend within thirty (30) days. Courts have an obligation to construe a *pro se* litigant's pleadings liberally. *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (noting that the Third Circuit has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure"). When a plaintiff files a complaint *pro se* and is faced with a motion to dismiss, "unless amendment would be futile, the District Court *must* give a plaintiff the opportunity to amend [his] complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (Alito, J.)) (emphasis added). That is the case even when leave to amend has not been sought. *Shane*, 213 F.3d at 116 (citing *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)). Here, Plaintiff has sought leave to amend, [Pl.'s Br. at 2.] and the Court cannot conclude at this point that amendment would be futile or inequitable. Defendant argues that leave to amend is inappropriate because Plaintiff has already amended his initial complaint twice. [Def.'s Br. at 4–5.] But neither this Court nor the state court dismissed Plaintiff's complaint or granted Plaintiff leave to amend—he amended his complaint twice in state court on his own initiative before UHaul was even properly served with process. Defendant's citation to a somewhat random, out-of-circuit district court case where the court denied leave to amend based on an earlier dismissal is inapposite. [*See* Def.'s Br. at 5 (citing *Levesque v. Vermont*, 2014 WL 4546785, at *8 (D. Vt. Sept. 12, 2014)).]

11

If Plaintiff chooses to amend his complaint, he must describe more clearly what claims he is bringing against UHaul (*e.g.*, federal civil rights, state civil rights, negligence, breach of contract, some other tortious conduct, *etc.*). If this is not a civil rights case, Plaintiff must make that clear. The Court cannot be left guessing as to what claims Plaintiff is trying to assert. *Friedfertig Fam. P'ship 2 v. Lofberg*, 2013 WL 6623896, at *3 (D.N.J. Dec. 13, 2013) (courts should not "be required to guess which particular claims are being asserted … and/or to sift through the allegations to piece together those claims"); *Thakar*, 372 F. App'x at 328 (3d Cir. 2010) (*pro se* plaintiffs are "not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*").

The Court additionally cautions that if Plaintiff chooses to rely on Defendant's representation in amending his complaint that UHNJ is the proper party in this case (as opposed to UHI) and names UHNJ as the defendant, there may be jurisdictional issues. That is because Plaintiff is a citizen of New Jersey, [Notice of Removal ¶ 10], and UHNJ appears to have its principal place of business in New Jersey. Thus, if Plaintiff names UHNJ and only brings state law claims, there would not be complete diversity of citizenship for the court to exercise subject matter jurisdiction. *See* 28 U.S.C. § 1332. If, however, Plaintiff names UHNJ and brings claims for violations of federal civil rights (or some other federal claims) along with pendant state law claims

related to those federal claims, the Court would appear to have subject matter jurisdiction over the dispute. 28 U.S.C. § 1331; 28 U.S.C. § 1367.[7]

## IV.   CONCLUSION

For the reasons stated in this Opinion, UHaul's Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED LEAVE TO AMEND** his Complaint and re-file within thirty (30) days. An accompanying Order shall issue.

<u>**April 3, 2024**</u>                                      <u>**s/Renée Marie Bumb**</u>
Date                                                                    RENÉE MARIE BUMB
                                                                           Chief United States District Judge

---

[7] As noted, however, Plaintiff cannot bring federal civil rights claims at this point unless he has already received a right-to-sue letter from the EEOC. That is because, to have been able to bring Title VII claims, Plaintiff was required to first file a charge with the EEOC 180 days after the last discriminatory act which appears to have occurred more than 180 days ago when Plaintiff was allegedly terminated in February 2023. [*See supra.* at 10; Compl. ¶ 12.]