[Docket No. 23]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

LAWRENCE SIMMONS,

        Plaintiff,

    v.

U-HAUL CO. OF NEW JERSEY, INC.,

        Defendant.

Civ. No. 23-20517 (RMB-EAP)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

    **THIS MATTER** comes before the Court upon the Motion to Dismiss the Amended Complaint filed by Defendant U-Haul Co. of New Jersey, Inc. ("Defendant" or "UHNJ").[1] The motion is unopposed by *pro se* Plaintiff Lawrence Simmons ("Plaintiff" or "Simmons"). Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court did not hear oral argument. For the reasons set forth below, the Motion will be **GRANTED**, and the Amended Complaint **DISMISSED WITH PREJUDICE**.

---

[1] The Amended Complaint's caption improperly refers to UHNJ as "UHAUL of New Jersey *a/k/a* UHAUL Storage of Lindenwold, NJ *a/k/a* UHAUL Storage of Somerdale, NJ *a/k/a* UHAUL Storage of Clementon, NJ."

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Lawrence Simmons brings suit against UHNJ, a regional subsidiary of U-Haul International, Inc. ("UHI"). He is a citizen of New Jersey. This Court previously dismissed his complaint against UHI for failure to state a claim, but permitted Plaintiff leave to amend. [*See* Docket Nos. 20–21; *Simmons v. UHaul Legal Dep't*, 2024 WL 1461196, at *1 (D.N.J. Apr. 3, 2024).] The Amended Complaint substitutes UHNJ as the defendant for UHI. The Court incorporates the factual background and procedural history as outlined in its prior Opinion and recites herein only those facts necessary to resolve UHNJ's Motion to Dismiss the Amended Complaint. *Simmons*, 2024 WL 1461196, at *1–3.

The Amended Complaint—like the original complaint—alleges a broad sweep of wrongdoing against UHNJ. Construed as liberally as possible, Plaintiff brings claims against UHNJ for federal (i) civil rights violations, [Docket No. 22 ("AC") ¶ 3 (alleging that Defendant "violated and deprived [Plaintiff] of [his] Civil Rights and [constitutional] privileges" under 18 U.S.C. § 242)]; (ii) employment discrimination on the basis of Plaintiff's race, [AC ¶¶ 2, 8, 10, 12–13, 17 (alleging discrimination, hostile work environment, and retaliation)]; and (iii) unfair competition [AC ¶¶ 7, 9 (alleging that Defendant violated Section 5 of the Federal Trade Commission Act by directing customers who wished to rent U-Haul vehicles at Plaintiff's dealership to other U-Haul dealerships)]. He also appears to assert state law claims for breaches of contract and/or negligence. [*See* AC ¶ 4 (alleging that Defendant "negligent[ly] [] failed to provide ample and minimal protection at the [storage] units [Plaintiff]

rented"); *id.* ¶ 7 (alleging that Defendant breached storage unit contract); *id.* ¶ 10 (alleging that Defendant failed to investigate break-in of three of Plaintiff's storage units); *id.* ¶ 18 (seeking to recover "lost value of contents for [six] storage units").]

Only one change from the originally removed complaint is materially relevant—Plaintiff substituted UHNJ as the defendant for UHI.[2] UHI is the parent corporation to UHNJ and is headquartered and incorporated in Arizona. [Docket No. 1 ¶¶ 7–11.] UHNJ, by contrast, is a New Jersey corporation.[3] Counsel for UHI appeared in state court to remove the complaint to this Court based on the diversity of the parties. [Docket No. 1 ¶¶ 7–11 (notice of removal stating that Court had diversity jurisdiction over matter because UHI is a corporate citizen of Arizona and Plaintiff is a citizen of New Jersey seeking $1,000,000 in damages); *see also* 28 U.S.C. § 1332(a).] UHI sought dismissal arguing, in part, that Plaintiff should have sued UHNJ rather than UHI because UHNJ owns, operates, and maintains the Lindenwold U-Haul dealership at issue in this lawsuit. [Docket No. 8-2 at 6 (UHI brief in support of dismissal arguing that Plaintiff failed to name the proper U-Haul entity); *see also* Docket No. 8-5 (Affidavit of UHI representative averring that UHI does not conduct business in New Jersey).] Plaintiff, relying on that representation, has now substituted UHNJ as the sole defendant named in the Amended Complaint.

---

[2] Counsel for UHI has also appeared on behalf of UHNJ. [Docket No. 28.]

[3] *See* U-Haul Holding Co., Annual Report (Form 10-K, Ex. 21) (May 30, 2024), available at https://www.sec.gov/Archives/edgar/data/4457/000095017024066736/uhal-ex21.htm. The Court may take judicial notice of public documents publicly filed with the Securities and Exchange Commission. *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007).

UHNJ has moved to dismiss pursuant to Federal Rule 12(b)(6). It argues that Plaintiff's Amended Complaint was untimely because it was filed more than thirty days after the Court permitted leave to amend, [*see* Docket No. 21 (permitting Plaintiff leave to re-file an amended complaint within 30 days of the Court's Order and Opinion dismissing the original complaint)], that Plaintiff was never an employee or authorized dealer of UHNJ such that he can bring a claim for employment discrimination and that, even if he was a UHNJ employee, he failed to exhaust his federal administrative remedies before the Equal Employment Opportunity Commission ("EEOC") and finally, Plaintiff has failed to state a claim for breach of contract or negligence. Plaintiff did not oppose the Motion.[4]

## II.    LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "While a complaint attacked by a

---

[4] The Court will not dismiss the Amended Complaint as unopposed, *Greene v. LexisNexis Risk Sols. Inc.*, 2024 WL 471573, at *1 (D.N.J. Feb. 7, 2024) (dismissing complaint as unopposed is disfavored) and will liberally treat the Amended Complaint as timely in light of Plaintiff's *pro se* status and the Amended Complaint's fatal pleading defects, as described below.

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "[T]o determine the sufficiency of a complaint," the Court must follow a three-step process:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009) (alterations in original)). A district court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

*Pro se* complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim*." Owens v. Armstrong*, 171 F.Supp.3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Thus, *pro se* litigants are not exempt from complying

with federal pleading standards. *See Thakar v. Tan*, 372 F.App'x 325, 328 (3d Cir. 2010).

## III.   ANALYSIS

### A.   No Diversity Jurisdiction

Although UHI initially removed this case based on the diversity of the parties, [Docket No. 1 ¶¶ 7–8], Plaintiff's Amended Complaint now names UHNJ, a New Jersey corporate citizen, as the sole defendant. Because Plaintiff is himself a citizen of New Jersey, the Court can no longer exercise subject matter jurisdiction based on diversity of citizenship as it could at the time of removal when UHI, an Arizona corporate citizen, was named as the sole defendant. U.S.C. § 1332(a)(1); *McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225, 230–32 (D.N.J. 2020) (courts do not have subject matter jurisdiction based on diversity of citizenship when a plaintiff amends its complaint to add a non-diverse defendant so long as that defendant was not fraudulently joined).[5] Thus, in order to have original jurisdiction over this matter, Plaintiff's Amended Complaint must assert at least one federal claim together with any pendant state law claims. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a

---

[5] There is no reason to think UHNJ was fraudulently joined to destroy diversity jurisdiction. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Plaintiff simply named the wrong U-Haul entity. UHI informed Plaintiff that he meant to sue UHNJ and accordingly, Plaintiff's Amended Complaint now names UHNJ as the defendant rather than UHI.

federal question is presented on the face of the plaintiff's properly pleaded complaint."); 28 U.S.C § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### B.    Plaintiff Has Failed to Plausibly Allege a Federal Claim

Plaintiff's Amended Complaint does not plausibly allege a federal claim. He cites two federal statutes Defendant purportedly violated: Section 5a of the Federal Trade Commission Act, as well as 18 U.S.C. § 242, a criminal statute making it a crime for anyone, acting under color of law, willfully to deprive any person of a right secured by the Constitution or laws of the United States. [AC ¶¶ 3, 7.] But there is no private right of action under the Federal Trade Commission Act, *Martino v. Everhome Mortg.*, 639 F. Supp. 2d 484, 491 n.16 (D.N.J. 2009), or under 18 U.S.C. § 242, a criminal statute enforceable only by the federal government, *Cito v. Bridgewater Twp. Police Dep't.*, 892 F.2d 23, 26 n.3 (3d Cir. 1989). Section 1983 is the civil parallel to 18 U.S.C. § 242, *Cito*, 892 F.2d at 26 n.3, but UHNJ is clearly not a state actor subject to Section 1983 liability. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor.").

7

That leaves the only other plausible federal claim, as the Court previously identified, *Simmons*, 2024 WL 1461196, at *4, as one for employment discrimination. [AC ¶¶ 2, 10, 12–13, 17 (alleging hostile work environment, retaliation, and discrimination by Defendant).] But Plaintiff now makes clear in his Amended Complaint that he was never actually employed by UHNJ, [AC ¶ 8 ("I was not an employee of UHAUL[.]")], an allegation fatal to a claim for federal workplace discrimination. *Suri v. Foxx*, 69 F. Supp. 3d 467, 475 (D.N.J. 2014) (Title VII only protects employees, not third parties such as an independent contractor).[6] Even if he was a UHNJ employee, Plaintiff first had to exhaust his administrative remedies before the EEOC within 180 days of the last discriminatory act. *Simmons*, 2024 WL 1461196, at *4 (citing 42 U.S.C. § 2000e-5(e)(1)). The Court invited Plaintiff, upon amending his complaint, to provide evidence that he exhausted his federal administrative remedies—a "mandatory prerequisite to filing a Title VII suit in federal court." *Simmons*, 2024 WL 1461196, at *4 (citation omitted). He did not do so.

Accordingly, the Court will dismiss each federal claim appearing on Plaintiff's well-pleaded Amended Complaint with prejudice. Further amendment to those claims appears futile. The Court has already afforded Plaintiff one opportunity to amend and put Plaintiff on notice as to the original complaint's deficiencies, including with respect to any claim for federal employment discrimination. He did not remedy those

---

[6] Plaintiff previously alleged that he was the owner and operator of the Lindenwold, New Jersey U-Haul dealership but did not allege whether he was employed by any U-Haul entity.

deficiencies. Thus, dismissal with prejudice is appropriate. *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (denial of leave to amend appropriate where amendment would be futile); *United States v. Bracco USA, Inc.*, 2024 WL 1161384, at *7 (D.N.J. Mar. 12, 2024) ("[A] court appropriately exercises its discretion to dismiss a complaint with prejudice 'where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.'") (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002)).

## C. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

Because Plaintiff's federal claims fail, and the Court can no longer exercise diversity jurisdiction, this Court loses its original jurisdiction. Where diversity is absent and a district court dismisses all federal claims before trial, the court "'*must* decline to decide the pendent state claims' unless 'considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for' ruling on them[.]" *Nahas v. Shore Med. Ctr.*, 828 F. App'x 89, 93 (3d Cir. 2020) (emphasis in original) (quoting *N. Sound Cap. LLC v. Merck & Co.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019)); *see also* 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction over state-law claims if "court has dismissed all claims over which it has original jurisdiction"). In the absence of a federal claim conferring jurisdiction, federal courts exercise supplemental jurisdiction over remaining state-law claims only where "extraordinary circumstances exist." *City of Pittsburgh Comm'n on Hum. Rels. v. Key Bank*

*USA*, 163 F. App'x 163, 166 (3d Cir. 2006) (internal quotation marks omitted) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976)).

The Court identifies no such extraordinary circumstances. Thus, it declines to exercise supplemental jurisdiction over any pendant state law claims asserted in the Amended Complaint, including for breach of contract or negligence. Because this case was initially removed from state court, [Docket No. 1], the Court will remand the remaining state law claims. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("While § 1367(c) does not specify what disposition the district court is to make of state claims it decides not to hear, ... we believe that in a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice."); *King v. Verizon of New Jersey Inc.*, 2024 WL 3964252, at *7 (D.N.J. Aug. 27, 2024) (declining to exercise supplemental jurisdiction after dismissing federal claim and remanding remaining state law claim).

## IV.    CONCLUSION

For the reasons stated in this Opinion, the Motion to Dismiss will be **GRANTED** and the federal claims **DISMISSED WITH PREJUDICE**. The Court will remand any remaining state law claims. An accompanying Order shall issue.

**September 16, 2024**                          **s/Renée Marie Bumb**
Date                                            RENÉE MARIE BUMB
                                                    Chief United States District Judge